IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| USAA LIFE INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. CIV-23-266-R |
| | ) |
| DAVID BAILEY; GEORGE VOSS; and JIMMIE VOSS, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before this Court is Plaintiff's Motion for Default Judgment as to Defendants George Voss and Jimmie Voss, husband and wife, pursuant to Fed. R. Civ. P 55 and LCvR 55.1. Rule 55 outlines a two-step process: (a) the Clerk of Court must grant an entry of default before (b) Plaintiff can seek a default judgment from this Court. Fed. R. Civ. P. 55(a)–(b); *see also Williams v. Smithson*, 57 F.3d 1081 (10th Cir. 1995)(unpublished). Here, the docket reflects that Plaintiff has neither sought nor received an entry of default against Defendants from the Clerk of Court—a prerequisite for an entry of default judgment. *See Garrett v. Seymour*, 217 F. App'x 835, 838 (10th Cir. 2007) (entrance of default by the Clerk of Court under Rule 55(a) is "a prerequisite for the entry of a default judgment" under Rule 55(b)); *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998) ("[E]ntry of default under Rule 55(a) *must precede* grant of a default judgment under Rule 55(b)" (emphasis added)); *see also Burris v. Oklahoma*, No. CIV–13–867–D, 2014 WL 1117289, at *1 (W.D. Okla. Mar. 19, 2014) (collecting cases). Thus, Plaintiff's premature motion is hereby DENIED.

IT IS SO ORDERED this 5th day of July 2023.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE